IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.                                    CRIMINAL ACTION NO. 2:05CR19-6

THOMAS ALLEN HADDIX, JR.,

        Defendant.

## ORDER/OPINION

On the 6th day of March, 2006, came the United States of America by Stephen Warner, Assistant United States Attorney, and also came the defendant, Thomas Allen Haddix, Jr., in person, and by his counsel, Richard W. Shryock, Jr., for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Haddix violated his Conditions of Release. The Court heard the sworn testimony of West Virginia State Police Sgt. Mark Cunningham and the arguments of counsel.

I. Procedural History

On July 29, 2005, Defendant was released on conditions set by Order. On March 2, 2006, pre-trial services officer Eydie B. Feathers filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated conditions of his release. By Order dated March 2, 2006, the undersigned directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order on March 2, 2006. Defendant had an Initial Appearance before the Court on March 2, 2006, and a full hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on March 6, 2006.

## II. Contentions

The Petition alleges that Defendant:

1. Violated the condition of his release requiring him to refrain from committing any offense in violation of federal, state or local law while on release; and

2. Violated the condition of his release requiring him to refrain from use or unlawful possession or a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

The grounds for the alleged violations are stated as follows:

On February 28, 2006, the Pretrial Services Officer made arrangements to conduct a home visit at the residence of the above defendant due to the fact that the defendant had failed to show for two scheduled office visits, the first date being February 21, 2006, and the second date was for February 27, 2006. On the same date the undersigned officer was preparing to conduct the home visit, a call was received from Officer Terring Skinner, Taylor County Sheriff's Officer, who reported that the defendant had been beaten by and abducted by individuals named Matthew Payne and Mike Rimgold that morning. Reportedly, the defendant and his new girlfriend, Sandra Moore, (the ex-girlfriend of Matthew Payne, with whom she apparently just broke up with [sic] four days or so prior to this incident) were using methamphetamine the night before the incident and eventually ended up in bed together. At some point, the above mentioned subjects reportedly came into the house and beat up the defendant and his girlfriend and stated that they were going to kill the defendant. The subjects then kidnaped the defendant. This incident was apparently reported to police by Sandra Moore, at which time police began looking for the defendant, fearing that he may have been murdered. Officer Skinner further advised that blood was observed at the scene of this incident. Also, Assistant United States Attorney Stephen Warner reported that he further learned that on the night of February 27, 2006, the defendant and Sandra Moore were traveling to the residence of an acquaintance in the Buckhannon, West Virginia area when they unintentionally trespassed on the property of Denville Vandall and went into a trailer on Mr. Vandall's property thinking it was the residence of someone else. Reportedly, Mr. Vandall pulled a gun on the defendant and phoned police while he held the defendant at gun point. Police responded and statements were taken from the individuals . . . .No charges were filed.

On February 28, 2006, the Pretrial Services Officer did attempt a home visit at approximately 4:30 p.m. No one answered the door at the residence. At

approximately 5:00 p.m., the undersigned officer received a message from United States Probation Officer Mark Sneberger that Barbour County Sheriff John Cutright called and advised that the defendant had been located by law enforcement, was arrested for Obstructing an Officer, and was detained at the Tygart Valley Regional Jail, Belington, West Virginia.

On March 1, 2006, Assistant United States Attorney Stephen Warner provided the undersigned officer with a copy of the criminal compliant filed in the Barbour County Magistrate Court . . . . Also on this date, United States Probation Officer Mark Sneberger reported to the Tygart Valley Regional Jail to drug test the defendant. Upon arrival at the jail the defendant was reportedly told he will be drug tested, at which time the defendant confessed to using methamphetamine two days prior to his arrest. An on-site urinalysis test confirmed a positive for methamphetamine use.

On March 2, 2006, Assistant United States Attorney Stephen Warner advised the undersigned officer that the defendant ha[d] bonded out on the above mentioned state charge of Obstructing an Officer.

The Court heard the testimony of Sgt. Mark Cunningham of the West Virginia State Police and heard arguments of counsel, in particular, Defendant's argument that he be permitted to remain out on bond, residing at the home of his parents under electronic monitoring..

### III. Findings Of Fact

Based on the testimony presented at the hearing held March 6, 2006, and the docket record as the same existed on March, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated July 29, 2005.

2) Mandatory Condition No. 1 of the Order Setting Conditions of Release required Defendant to refrain from committing any offense in violation of federal, state or local law while on release in this case.

3) Condition No. 7(p) required Plaintiff to refrain from use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical

practitioner.

4) Defendant was released from federal custody on July 29, 2005, pursuant to the Order Setting Conditions of Release.

5) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

6) Defendant is Pretrial Services Officer Eydie Feathers' assigned supervisee.

7) Defendant admitted to use of methamphetamine, a controlled substance.

8) During the 24-36 hour period at issue, Defendant put his own life, as well as that of others, in jeopardy. Mr. Vandall held Ms. Moore and Defendant at gunpoint when they mistakenly entered his property. Two individuals beat him. Police nearly shot him.

9) Defendant was found outside the residence of one of the men who allegedly beat him, and did not explain why he was there.

10) Though not a statement of fact, the undersigned finds Defendant's methamphetamine use shortly before or during the time at issue indicates that methamphetamine use impairs whatever self-control he has and in the process endangered his own life and others.

### IV. Conclusions of Law

1) Plaintiff's admission that he used methamphetamine while on release constitutes a violation of federal, state or local law, and also constitutes a violation of the condition that he refrain from use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

2) The evidence is insufficient to establish a separate violation of state, federal or local law

based on obstruction of justice, however.

## V. Conclusion

Upon consideration of all the evidence, the undersigned concludes by a preponderance of the evidence that Defendant violated Mandatory Condition No. 1, and Condition 7(p) of the Order Setting Conditions of Release entered July 29, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Thomas Allen Haddix, Jr. is unlikely to abide by any condition or combination of conditions of release.

It is therefore **ORDERED** that, pursuant to the provisions of 18 U.S.C. §3148 (a) , (b)(1)(B) and (2)(A) and (B), the release of Defendant Thomas Allen Haddix on conditions is **REVOKED** and that:

1) Defendant be **REMANDED** to the custody of the United States Marshal pending further proceedings in this case;
2. Defendant be confined in a facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
3. Defendant be afforded a reasonable opportunity for private consultation with defense counsel;
4. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding; and
5. The Clerk shall direct copies of this order to counsel for the United States, to

counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: March 7, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE