IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 2:05CR19-6

THOMAS ALLEN HADDIX, JR.,

       Defendant.

## REPORT AND RECOMMENDATION/OPINION

On the 30th day of December 2005, Defendant, Thomas Allen Haddix, Jr., through his counsel, Richard W. Shryock, Jr., filed a "Motion in Limine" moving the court to exclude from evidence at trial any evidence concerning an alleged Methamphetamine Lab operated by Defendant and not charged in the indictment [Docket Entry 142]. The United States filed its Response to the motion on January 9, 2006 [Docket Entry 145]. This matter was referred to the undersigned United States Magistrate Judge by United States District Judge Robert E. Maxwell for disposition by Report and Recommendation.

On the 10th day of January 2006, came Defendant, Thomas Allen Haddix, Jr., in person and through his counsel, Richard W. Shryock, Jr. and also came the United States of America by Stephen Warner, Assistant United States Attorney, for hearing on Defendant's Motion in Limine.

### I. Procedural History

On June 22, 2005, Defendant was indicted by a Grand Jury sitting in the Northern District of West Virginia. The indictment charged Defendant, along with five co-defendants, with Conspiracy to Manufacture and to Distribute Methamphetamine (Count I). Defendant was also charged separately in the indictment with Manufacture of Methamphetamine (Count II), and

Attempt to Steal Anhydrous Ammonia (Count IX). The entire indictment, as against all co-defendants, consists of 10 counts.

The conspiracy count (Count I) alleges as follows:

From in or about the Spring of 2004 to in or about the date of this indictment [June 22, 2005], within the Northern Judicial District of West Virginia, the defendants, DONALD R. BILLER, DONALD DEWAYNE BOWMAN, MICHEL KEVIN HARRIS a/k/a "GIZMO," LARRY A. LYONS, BILLY GEORGE LEARY, JR. and THOMAS ALLEN HADDIX, JR., did knowingly and willfully combine, conspire, confederate and agree and have a tacit understanding with each other and with other persons known and unknown to the Grand Jury, to commit an offense against the United states, that is, to violate Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B). It was a purpose and object of the conspiracy knowingly and intentionally to manufacture and to distribute more than fifty (50) grams of substances containing a detectable amount of methamphetamine, also known as "crank," a controlled substance designated by Title 21, Code of Federal Regulations, Section 1308.12, Schedule II(d)(2); in violation of Title 21, United States Code, Sections 846 and 841(b0(1)(B).

Count II alleges as follows:

On or about May 14, 2004, in or near Barbour County, West Virginia, within the Northern Judicial District of West Virginia, the defendant, THOMAS ALLEN HADDIX, JR. did unlawfully, knowingly and intentionally manufacture a mixture and substance containing a detectable amount of methamphetamine, also known as "crank," a controlled substance designated by Title 21, Code of Federal Regulations, Section 1308.12, Schedule II(d)(2); in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).[1]

## II. Argument

Defendant contends the United States will seek to introduce evidence at trial that Defendant was manufacturing methamphetamine in an attic at his girlfriend's house located in Upshur County, West Virginia. This house was searched by law enforcement officers on or about

---

[1] The undersigned has not included a recitation of Count IX in this Opinion, finding it not relevant to the issues at bar.

February 24, 2005. According to the United States, police executing the search found items in the home consistent with the manufacturing of methamphetamine, and items containing residue of methamphetamine, but apparently did not find a "meth lab" there. The police admit they did not search the attic of the house.

According to the United States, one Matthew Upton was interviewed by police on or about March 28, 2005. Mr. Upton told police he had purchased eight-ball quantities of methamphetamine from Defendant on three to four separate occasions, and that Defendant was "cooking at his home located near the college in Buckhannon, in the attic." The United States asserts that this house, actually Defendant's girlfriend's home, is only a few blocks from the college.

Defendant asserts that the alleged attic cook is a separate and totally distinct allegation from that contained in Count II of the indictment, and must be excluded under Rule 404(b) of the Federal Rules of Evidence. Defendant argues that evidence that methamphetamine was cooked in Defendant's girlfriend's house is of no relevance to any issue other than character. Also, its reliability is highly suspect considering the information comes from a government witness who allegedly received a "deal" in exchange for the information. Additionally, police apparently searched the residence and did not find anything that resulted in any charges. Finally, the evidence is highly prejudicial considering the charges against Defendant including manufacture of methamphetamine and conspiracy to manufacture methamphetamine.

The United States argues the evidence that Defendant was manufacturing methamphetamine at his girlfriend's house during the course of the conspiracy is very relevant. Further, evidence of uncharged conduct is not considered "other crimes" evidence if it arose out of the

3

same series of transactions as the charged offense, or if it is necessary to complete the story of the crime on trial. Additionally, evidence that Defendant was cooking meth at another location during the course of the conspiracy is admissible under 404(b) because it shows knowledge, motive, opportunity, intent, preparation and plan, and absence of mistake or accident.

### III. Discussion

Federal Rule of Evidence 404(b) concerns the admission of evidence of other crimes, wrongs or acts to prove the character of a person in order to show action in conformity therewith. The undersigned does not find the evidence of an "attic cook" constitutes "other crimes" evidence within the meaning of Rule 404(b).

In <u>United States v. Kennedy, *et al.*</u>, 32 F.3d 876 (4th Cir. 1994), the trial court in a drug trial admitted testimony regarding a separate investigation into drug distribution activities of the defendant and suppliers who were not named in the indictment. The investigation involved different people than those charged in the indictment, and also fell outside the charged conspiracy period. The Fourth Circuit found, however, that the challenged testimony did not constitute "other crimes" evidence despite falling outside the charged conspiracy period. The court held, rather, that:

> [E]vidence of uncharged conduct is not considered "other crimes" evidence if it "arose out of the same . . . series of transactions as the charged offense, . . . or if it is necessary to complete the story of the crime (on) trial." *Towne*, 870 F.2d at 886 (quoting *United States v. Weeks*, 716 F.2d 830, 832 (11th Cir. 1983).

<u>Id.</u> at 885.

The Fourth Circuit determined that the challenged testimony was not separate from and unrelated to the charged conspiracy, because it served two functions:

4

> First, it constituted predicate evidence necessary to provide context to the . . . drug distribution scheme that took place wtihin the charged time frame. *See United States v. Mark*, 943 F.2d 444, 448 (4th Cir. 1991)(holding that evidence of uncharged criminal activity is admissible "where it 'furnishes part of the context of the crime.'")(quoting *United States v. Rawle*, 845 F.2d 1244, 1247 n. 4 (4th Cir. 1988). The testimony proved Kennedy's participation in drug distribution activities, and addressed Kennedy's sources for the cocaine that he supplied to Ingram during the charged conspiracy period. By providing the jury with background information on Kennedy's activities during the preparatory states of the conspiracy, this evidence "served to complete the story of the crime on trial." *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980). Second, [the] testimony served as evidence of a subset of the charged conspiracy - - Kennedy's own distribution network - - that helped the jury to understand how Kennedy's group obtained its cocaine and how that group related to and became part of the bigger . . . conspiracy.

Id. at 885-886.

The Fourth Circuit held that the testimony therefore did not constitute "other crimes" evidence under Rule 404(b) and that the district court acted well within its discretion in admitting this testimony as proof of the existence and structure of the charged drug distribution conspiracy.

Here the evidence the United States intends to use at trial concerns the alleged manufacture of methamphetamine during the same time as the conspiracy, albeit in a different location and at a different time than that particularly charged in Count II of the indictment. The undersigned finds this evidence even more relevant to the charged offenses than the testimony in Kennedy, because it allegedly occurred during the conspiracy to manufacture and distribute methamphetamine. It therefore "arose out of the same . . . series of transactions as the charged offense, . . . or is necessary to complete the story of the crime (on) trial." Id. at 885. It therefore does not constitute "other crimes" evidence within the meaning of Rule 404(b), and is admissible as evidence. Id.

### IV. RECOMMENDATION

For the reasons herein stated, I recommend that Defendant's Motion in Limine [Docket Entry 142] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to distribute an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 8 day of March 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE